LEONARD PARKES AND WIFE *v.* CAREY GILBERT *et als.*

1. COUNTY COURT. *Has concurrent jurisdiction with Chancery Court. To order sales for distribution.* The County Court has concurrent jurisdiction with the Chancery Court to order sales of land for distribution, and to take all the steps necessary to effectuate such sale and to distribute the proceeds when so collected. When the County Court has rightfully taken jurisdiction for this purpose, a Court of Equity has no power to interfere with its proceedings or to transfer them to the Chancery Court.

2. SAME. *Same.* Complainants will be repelled from a Court of Chancery who by their bill show they had information of the pendency of the proceedings in the County Court in time to have appealed to that Court, and they fail to show any reason why they neglected to do so.

3. COLLATION OF ADVANCEMENTS. *Inter-State Comity.* The estate of the intestate being administered under the laws and in the Courts of Alabama, no such comity exists between that State and Tennessee as authorizes this Court to collate the advancements made by the intestate to his children in Alabama, where he resided and died.

FROM GILES.

Appeal from the Chancery Court. W. S. FLEMING, Chancellor.

T. M. N. JONES and D. CAMPBELL for complainants.

W. H. McCOLLUM for defendants.

NICHOLSON, C. J., delivered the opinion of the Court.

David Gilbert died intestate in Limestone County, Alabama, in 1871, owning a large personal and real estate in Alabama, and leaving his widow and a large number of children and grand-children surviving him. He owned also a tract of land of 322 acres in Giles County, Tennessee. Carey Gilbert was appointed administrator in Alabama, and in the settlement of the estate a bill or petition was filed in the Probate Court of Limestone County, Alabama, for the sale of land and for an account of advancements. The lands have been sold, and an account of advancements stated. According to the amount of the estate in Alabama, and the account of advancements there taken, the distributees cannot be made equal in that State.

In September, 1871, Carey Gilbert and others filed a bill in the County Court of Giles County, Tennessee, praying for a sale of the land in Giles County for distribution, but asked for no account of advancements, and made no statement as to the estate in Alabama or the proceedings instituted in reference thereto in the Probate Court of Alabama. In that bill the names of Leonard Parkes and wife were used as complainants, but without their knowledge. Under this proceeding the land was sold, but before the sale was confirmed Parkes and wife learned of the pen-

dency of the proceedings, and rejected and renounced the same, unless Carey Gilbert and others would amend the petition so as to state the facts fully, and pray for an account of advancements, and that the heirs might be made equal; but they refused to do so, and procured the report of sale to be confirmed, and out of the proceeds of sale have paid out various amounts.

These facts are stated by Leonard Parkes and wife, in their bill filed in the Chancery Court at Pulaski against Carey Gilbert and others, and on these allegations they procured writs of injunction, etc., and praying that the proceedings be transferred from the County to the Chancery Court, and that a decree be made for an account of advancements between the parties, so that equality and justice may be done.

Defendants demurred to the bill, upon the grounds: first, that the County Court of Giles had jurisdiction of the subject matter, and having taken jurisdiction, the Chancery Court could not interfere; second, the facts being that the intestate died in Alabama, and that his estate is being administered there, under the laws and in the Courts of that State, no such comity exists between Alabama and Tennessee as authorizes this Court to collate the advancements made by the intestate to his children in Alabama, where he resided and died; and, third, complainants show that they had an opportunity to appeal and protect their rights in the County Court of Giles County, but failed to do so from negligence.

Chancellor Fleming sustained the demurrer on all three of the grounds and dismissed the bill, from which ruling the complainants have appealed.

If it were considered that the County Court of Giles County could have taken jurisdiction of the question of advancements made by an intestate who resided and died in another State, and whose estate was being administered under the laws and in the Courts of that State, complainants would be repelled from the Chancery Court, because they show in their bill that they had information of the pendency of the proceedings in the County Court in time to have appealed to that Court and obtained the relief which they seek in the Chancery Court, and they fail to show any reason why they failed to do so.

But the extent of the jurisdiction of the County Court of Giles County was to order a sale of the land for distribution. To this extent and to the extent of taking the necessary steps to effectuate the sale, and to have the proceeds collected and distributed, that Court had concurrent jurisdiction with the Chancery Court.

This was as far as the County Court was called on to exercise jurisdiction, and therefore the Chancery Court had no power to interfere with its proceedings, or to transfer them to the Chancery Court.

We are therefore of opinion that the demurrer to the bill was properly sustained, and we affirm the decree, with costs.